932 F.2d 963
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James A. BOYER, Barbara Boyer, Plaintiffs-Appellants,
v.
William C. HARPER, Individually and in his official capacity
as a City Policeman in Ranson, West Virginia,
Defendant-Appellee,
and
James Flickinger, Individually and in his official capacity
as a City Policeman with the City of Ranson, West Virginia,
the City of Ranson, A West Virginia Municipal Corporation,
Mickey Ballenger, Acting Police Chief, City of Ranson, West
Virginia, Dawn Hatzer, City Manager, City of Ranson, West
Virginia, David Hamill, Mayor, City of Ranson, West
Virginia, Ranson City Council, Charles A. Slusher, Thelma
Miller, Earnest F. Breeden, James E. (Jay) Watson, Robert L.
Carey, David L. Cheshire, Defendants.
 No. 90-2118.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 7, 1991.
Decided May 14, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. William M. Kidd, Senior District Judge. (CA-88-12-M-K)
 Braun A. Hamstead, Hamstead and Associates, L.C., Charles Town, W.Va. (Argued), for appellants; Mark Jenkinson, Hamstead and Associates, L.C., Charles Town, W.Va.
 David P. Durbin, Jordan, Coyne, Savits & Lopata, Washington, D.C. (Argued), for appellees; Nelson W. Rupp, Jr., Jayson L. Speigel, Jordan, Coyne, Savits & Lopata, Washington, D.C., on brief.
 N.D.W.Va.
 VACATED AND REMANDED.
 Before WILKINSON and WILKINS, Circuit Judges, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Mr. and Mrs. James A. Boyer brought this action under 42 U.S.C.A. Sec. 1983 (West 1981) alleging Officer William C. Harper of the Ransom, West Virginia Police Department used excessive force in arresting Mr. Boyer ("Boyer") in violation of the fourth amendment. The district court ruled that Harper's conduct was protected by qualified immunity and granted summary judgment to Harper. On appeal the Boyers argue that the district court applied the incorrect legal standard in determining whether Harper's conduct was qualifiedly immunized and that, viewed in the light most favorable to Boyer, the evidence raises genuine issues of material fact for trial. We conclude that the record demonstrates the existence of disputed issues of material fact making the grant of summary judgment erroneous. We emphasize that the facts surrounding the arrest are highly disputed and for purposes of this appeal are presented in the light most favorable to Boyer.
 
 I.
 
 2
 On October 18, 1987, at approximately 10:30 p.m., Boyer walked across the yard of his home in Ransom, West Virginia to the home of his brother-in-law, John Miller. A dispute arose between Boyer and a passing bicyclist over Boyer's cat and the bicyclist's dog. Boyer threatened to kill the dog if the bicyclist did not keep it out of his yard.
 
 
 3
 Officer Harper was driving down the street when this confrontation occurred. He parked his vehicle, instructed Boyer to stop yelling and go inside, and threatened to arrest Boyer for breach of the peace if he did not comply. Harper then began issuing parking tickets for two cars parked facing the wrong direction in front of Miller's home. Miller saw Harper writing the tickets and went outside to confront him. Boyer, who had returned to his own home, overheard the disturbance and feared that Miller would be arrested. Boyer and his wife went outside and began to plead with Miller to return inside. During the encounter another officer arrived in response to a back-up call from Harper.
 
 
 4
 Harper approached Boyer saying that Boyer was "the one he wanted." Harper grabbed Boyer and attempted to place him under arrest. When Boyer backed away, Harper tore the sleeve of Boyer's shirt. The other officer instructed Boyer to stop resisting arrest and drop to his knees. After Boyer complied, Harper struck him on the head twice with a flashlight. Boyer began bleeding and was immediately taken to a hospital. The record does not disclose the exact severity of Boyer's injuries other than to reference that the wound to his head required stitches.
 
 II.
 
 5
 The defense of qualified immunity shields law enforcement officers from civil liability for damages when "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). In other words, "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken." Id. at 639 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982)) (citation omitted). An officer's "subjective beliefs ... are irrelevant." Id. at 641. Summary judgment for the officer is appropriate if he could, as a matter of law, reasonably have believed that the amount of force used was lawful in light of the clearly established principles governing arrests. See id.
 
 
 6
 At the time of the arrest, the clearly established legal rule in this circuit to determine whether the amount of force that an officer used to effect an arrest was excessive required the consideration of four factors:
 
 
 7
 (1) The need for the application [of] the force,
 
 
 8
 (2) The relationship between the need and the amount of the force that was used,
 
 
 9
 (3) The extent of the injury inflicted, and
 
 
 10
 (4) Whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm.
 
 
 11
 Graham v. City of Charlotte, 827 F.2d 945, 948 (4th Cir.1987), rev'd sub nom. Graham v. Connor, 490 U.S. 386 (1989). After Boyer's arrest, the Supreme Court rejected the fourth factor and held that claims of excessive force during arrest should be analyzed under the objective reasonableness test of the fourth amendment. Graham v. Connor, 490 U.S. 386 (1989). This test requires that the officer's actions be objectively reasonable in light of all the surrounding facts and circumstances without regard to the officer's underlying intent.
 
 
 12
 The district court, analyzing Harper's motion for summary judgment, recognized that the Supreme Court rejected the subjective element, but determined that the legal standard by which claims of excessive force were judged required a finding of maliciousness for a violation to have occurred. Finding that Boyer failed to present evidence tending to show that Harper acted maliciously, the district court concluded that Harper was entitled to qualified immunity and granted Harper's motion for summary judgment.
 
 
 13
 Viewed in the light most favorable to Boyer, the record is sufficient to create a genuine issue as to whether Harper struck Boyer several times with a flashlight after Boyer dropped to his knees to submit to the arrest, causing injuries severe enough to require emergency medical treatment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). An officer could not reasonably have believed such conduct was lawful under either test. While we express no opinion on the ultimate merits of the case, we conclude that the district court erred in ruling as a matter of law that the alleged conduct was immunized and remand for additional proceedings.
 
 
 14
 VACATED AND REMANDED.